# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1236V

| | |
|---|---|
| DONNA PROCTOR,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 14, 2025 |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 21, 2020, Donna Proctor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on September 23, 2017. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 23, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 45. On April 11, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$55,000.00 in pain and suffering and $7,356.88 in past unreimbursable expenses. Proffer at 1-2, ECF No. 54. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,356.88 for pain and suffering and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DONNA PROCTOR, | )<br>)<br>) No. 20-1236VECF<br>)<br>)<br>) Chief Special Master Corcoran<br>)<br>)<br>)<br>)<br>) |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## PROFFER ON AWARD OF COMPENSATION

On January 17, 2023, Donna Proctor ("petitioner") filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for a shoulder injury related to vaccine administration. ECF No. 40. Respondent filed his Response to Petitioner's Motion on February 27, 2023, recommending that entitlement to compensation be denied. ECF No. 48. On March 8, 2023, petitioner filed a Reply. ECF No. 43. On August 23, 2024, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 45.

On February 21, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. On February 24, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 19.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 23, 2024, entitlement decision.

I.   **Compensation for Vaccine Injury-Related Items**

A.   Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$55,000.00** for pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.   Past Unreimburseable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$7,356.88.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $62,356.88, in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

II.   **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Donna Proctor:                           **$62,356.88**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

        Respectfully submitted,

        YAAKOV M. ROTH
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER A. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        JULIA A. COLLISON
        Assistant Director
        Torts Branch, Civil Division

        <u>s/Camille M. Collett</u>
        CAMILLE M. COLLETT
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-4098
        Fax: (202) 616-4310
        Email: Camille.M.Collett@usdoj.gov

Date:  April 11, 2025