# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1236V

DONNA PROCTOR,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: June 20, 2025

*John Robert Howie, Jr., Howie Law, PC, Dallas, TX, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 21, 2020, Donna Proctor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination administered to her on September 23, 2017. Pet., ECF No. 1. On April 14, 2025, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 55.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53,440.60 (representing $52,567.20 for fees and $873,40 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed Apr. 24, 2025, ECF No. 59. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 59-4.

Respondent reacted to the motion on May 7, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 60. The same day, Petitioner filed a cursory reply. ECF No. 61.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.[3]

I also note this case required additional briefing regarding entitlement, specifically pain onset and symptom location. *See* Petitioner's Motion to Deem SIRVA Table Elements are Satisfied or Alternatively, Petitioner's Motion for Ruling on the Record on Petitioner's Cause-in-Fact Claim, filed Jan. 17, 2023, ECF No. 40; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record, filed Mar. 8, 2023, ECF No. 43. Petitioner's counsel expended approximately 14.0 hours drafting the entitlement brief, and 7.9 hours drafting the responsive entitlement brief, for a combined total of 21.9 hours. ECF No. 59-2 at 8-9. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs for all but expenses of $31.20 for copying and $1.38 for postage. ECF No. 59-3. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 60. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$53,440.60 (representing $52,567.20 for fees and $873,40 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a

---

[3] Mr. Howie has not requested an increase in his 2024 hourly rate for work performed in 2025. The requested fees will be awarded, but Mr. Howie should request the 2025 hourly rate that he believes is appropriate in his next attorney's fees and costs motion.

timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.